# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SHARON MEYER, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-963 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| FINANCIAL RECOVERY SERVICES, INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Sharon Meyer is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, debts allegedly incurred for personal, family or household purposes, namely a credit card debt.

5. Defendant Financial Recovery Services, Inc. ("FRS") is a corporation with its principal place of business located at 4510 West 77th Street, Suite 200, Edina, Minnesota 55435.

6. FRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. FRS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. FRS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about April 5, 2017, FRS mailed a debt collection letter to Plaintiff regarding an alleged credit card debt, allegedly owed to originally owed to Citibank, N.A. and used only for personal, family or household purposes. A copy of the letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibits A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Exhibit A states the following: "Cost Balance: $0.00."

11. There is no explanation in the letter as to what the "Cost Balance" is.

12. Although the amount of the "Cost Balance" in Exhibit A is $0.00, the letter implies that there could be some unknown charges added to the debt in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

13. The unsophisticated consumer interprets references to a "cost" or a "balance" in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add costs or charges to the alleged debt, and that charges will be sought in future letters.

14. The unsophisticated consumer would be confused by the nebulous reference on FRS's letter to "Cost Balance," and would have no idea what those charges are, potentially could be, or whether they are legitimate.

15. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

16. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

17. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

18. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I -- FDCPA

19. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20. FRS's threat to collect a "Cost Balance" which is not further specified or explained in Exhibit A is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

21. Exhibit A falsely represents that Defendant is lawfully entitled to collect other charges.

22. Exhibit A creates a false impression as to its authorization or approval for collecting other charges.

3

23. An unsophisticated consumer would have no idea what a "cost balance" is or could be or whether it is legitimate.

24. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of Exhibit A to the complaint in this action, (c) that sought to collect an alleged debt, (d) incurred for personal, family or household purposes, (e) between July 11, 2016 and July 11, 2017, inclusive, (f) that was not returned by the postal service.

26. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

27. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

28. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

30. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 13, 2017

                                           **ADEMI & O'REILLY, LLP**

By:   s/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com